**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROSEMARY CAZELLA,**

>                    **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-1512-Orl-19JGG**

**NOEL T. WINTER,**

>                    **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1.      Plaintiff Rosemary Cazella's Motion for Final Default Judgment (Doc. No. 14, filed Mar. 9, 2007);

2.      Report and Recommendation of the United States Magistrate Judge on Plaintiff's Motion for Default Judgment Against Noel T. Winter.  (Doc. No. 15, filed Mar. 26, 2007); and

3.      Plaintiff Rosemary Cazella's Objection to Report and Recommendation (Doc. No. 16, filed Apr. 5, 2007).

**Background and Procedural History**

Plaintiff filed a Complaint seeking $56.5 million dollars from Defendants Noel T. Winter and the Orange County Sherriff's Department.  (Doc. No. 1).  Plaintiff moved for leave to proceed *in forma pauperis*. (Doc. No. 2).  The Magistrate Judge issued a Report and Recommendation finding that the Complaint failed to allege a basis for subject matter jurisdiction.  (Doc. No. 5, p. 9). The Magistrate Judge recommended that the Court deny Plaintiff's motion for leave to proceed *in*

*forma pauperis* but grant Plaintiff leave to file an amended complaint. (*Id.*) Plaintiff subsequently filed an Amended Complaint naming Noel T. Winter as the only defendant. (Doc. No. 6). Plaintiff's Amended Complaint contains substantially similar factual allegations and asserts the same eight causes of action as her initial Complaint. (*Compare id. with* Doc. No. 1).

Plaintiff asserts that she entered into an agreement with Defendant, whereby he agreed to purchase her home and provide her with a new mortgage in exchange for her provision of $2,000 for closing costs. (Doc. No. 6, pp. 1-2). Defendant failed to purchase the home which was ultimately sold in a foreclosure sale for approximately $140,000. (*Id.* at p. 2). Plaintiff alleges that Defendant is "taking advantage of disabled people, as well as taking money under false pretenst [sic]." (*Id.*) Plaintiff seeks $56.5 million dollars for: (1) Slander; (2) Defamation; (3) Fraud; (4) Violation of Constitutional Rights; (5) Breach of Contracts; (6) "Disabled Persons Act"; (7) Mental Stress; and (8) "credit getting all mixed-up." (*Id.* at p. 3). Plaintiff allegedly served Defendant on October 22, 2006.[1] (Doc. No. 7).

---

[1]      The Court notes that it is unclear whether Defendant was properly served. Plaintiff claims that her nephew personally served Defendant after many failed attempts. (Doc. No. 16, p. 2). However, the Return of Service lists seven different times and dates on which service was attempted. (Doc. No. 7, p. 2). According to the dates listed, service occurred between 6 P.M. on October 20, 2006 and 4 A.M. on October 24, 2006. (*Id.*) Based on the information provided it cannot be discerned exactly when service took place. Even if the Court presumed service occurred on October 22, as indicated on the top of the Return of Service form, two different attempts to effectuate service were made on that day. (*Id.*) Moreover, Federal Rule of Civil Procedure 4(c)(2) provides that "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Although Plaintiff's nephew is not named as a party in the instant case, the Return of Service does not contain an affidavit stating that Plaintiff's nephew is over age 18 and not a party to the underlying litigation. (Doc. No. 7). Because the Court finds that it does not have subject matter jurisdiction in the instant case, there is no need to conclusively determine the validity of service of process.

Pursuant a motion by Plaintiff, the Clerk entered a default against Defendant on January 25, 2007.  (Doc. No. 12; Doc. No. 13).  Plaintiff subsequently filed a Motion for Final Default Judgment. (Doc. No. 14).  The Magistrate Judge issued the underlying Report and Recommendation finding no basis for subject matter jurisdiction and recommending that the Court: (1) strike the Clerks's entry of default; (2) deny Plaintiff's motion for an entry of default judgment; and (3) dismiss Plaintiff's Amended Complaint.  (Doc. No. 15, p. 4).  Plaintiff filed an Objection to the Report and Recommendation which contains factual assertions regarding the Court activity in the instant case and her prior dealings with Defendant.  (*See* Doc. No. 16).  Plaintiff's only argument regarding jurisdiction is her statement that the Magistrate Judge was incorrect in finding that there were "not enough facts to cause action for a constitutional violation wich [sic] there is (disability act) for the disabled."[2]  (*Id.* at p. 2).

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires every pleading to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Because the federal courts are without power to act in the absence of subject matter jurisdiction, a court must raise the question of subject matter jurisdiction *sua sponte* at any point when jurisdiction appears to be in doubt.  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  When the court lacks subject matter jurisdiction it "cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 84 (1998).

---

[2]     The Court will assume that Plaintiff intends to refer to the Americans with Disabilities Act.

## Analysis

Although Plaintiff attempts to make multiple state law claims, there is no basis for diversity jurisdiction under 28 U.S.C. Section 1332 because both Plaintiff and Defendant are residents of Florida.  (*See* Doc. No. 1, p. 3).  Plaintiff attempts to invoke federal question jurisdiction pursuant to 28 U.S.C. Section 1331 by claiming violations of the "Disabled Persons Act" and her constitutional rights.  (Doc. No. 6, p. 2-3).  The Court may dismiss a claim for lack of subject matter jurisdiction if the federal claim is not "colorable."  *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235, 1244 n. 10 (2006).  For instance, dismissal is proper if the federal claim is immaterial, made solely for the purpose of obtaining federal jurisdiction, or wholly insubstantial.  *Id.*  Although Plaintiff pleads facts supporting a breach of contract claim, she does not reference any specific federal statutory or constitutional provision or assert facts supporting her claim that federal law or her constitutional rights were violated.  (*See* Doc. Nos. 6, 16).  Based on the information provided, the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's Amended Complaint.

## Conclusion

The Court **ADOPTS** and **AFFIRMS** the Report and Recommendation denying Plaintiff's Motion for Default Judgment (Doc. No. 15) and **OVERRULES** Plaintiff's Objection (Doc. No. 16). Because the Court lacks subject matter jurisdiction, Plaintiff's Amended Complaint (Doc. No. 6) is **DISMISSED** .

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April 12, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-4-

Copies furnished to:

Unrepresented Party